HOWARD W. KELLEY, ADMINISTRATOR OF THE ESTATE OF AURILLA B. ERVIN, DECEASED, RESPONDENT, v. UNITED MUTUAL INSURANCE ASSOCIATION, A CORPORATION, APPELLANT.—149 S. W. (2d) 905.

Kansas City Court of Appeals. February 17, 1941.

Rehearing Denied April 7, 1941.

*Watson, Ess, Groner; Barnett & Whittaker, Douglas Stripp, Morrison, Nugent, Berger, Byers & Johns* and *Irwin, Bushman & Buchanan* for appellant.

750

*Walter J. Gresham* for respondent.

CAVE, J.—This is a suit on four life insurance policies issued by United Mutual Insurance Association, hereinafter referred to as "defendant," upon the life of Buford W. Ervin, deceased, who will be referred to as "insured." Aurilla B. Ervin was the wife of insured and was named as beneficiary in the policies. Insured died on June 19, 1934, and this suit was instituted by Aurilla B. Ervin, but she has since died and the cause was revived in the name of Howard W. Kelley, her administrator, who will be referred to as "plaintiff." The cause was tried to a jury, resulting in a verdict for defendant. Plaintiff's motion for new trial was sustained "because of error in defendant's instructions."

This is the second appeal of this cause to reach us, having previously been tried, resulting in a verdict and judgment for plaintiff, which judgment was, upon appeal to this court, reversed, and the cause was remanded. [Kelley v. United Mut. Ins. Assn., 112 S. W. (2d) 929.]

The pleadings in the instant case are about as they were in the first trial. They are set out at length in the former opinion above cited, and we see no good purpose to be served by again setting them out in detail. Suffice it to say that plaintiff's petition is in five counts, the first four are each conventional in form, declaring upon the policies and pleading requisites of such cause of action. The fifth

count of plaintiff's petition seeks to set aside a release in full executed by Aurilla B. Ervin on the ground of mental incompetency, with misrepresentation.

Defendant's answer, as to each of the first four counts, is in conventional form, denying liability on the grounds of misrepresentation by insured in his application for insurance, and further pleads a compromise settlement and release; the answer to the fifth count alleged that the insured made certain false representations in his application for the insurance, and after his death a controversy arose between the defendant and the beneficiary and that said controversy was settled and compromised and a release executed in accordance therewith. The false representations complained of were that the insured had a cancerous condition; that he was diseased and not in good health; and that he had not within two years prior to the making of the application received medical and surgical treatment, when in truth and fact all of those conditions existed at the time he made his application. The plaintiff filed a reply which was a general denial joined with a specific denial that there was any *bona fide* controversy and that she knew she was accepting the payment in full settlement of her claim, and that there was any consideration for the same, and again alleged that she was mentally unsound at the time and incapable of understanding the nature and effect of the transaction.

At the close of all the evidence, the defendant offered an instruction in the nature of a demurrer which the court overruled, to which ruling the defendant excepted. Plaintiff requested but one instruction, which the court gave, submitting the case to the jury on the theory on which it had been tried, and his theory of the law applicable to the facts in the case. That instruction is as follows:

"The Court instructs the jury that if you find and believe from the evidence that Buford W. Ervin was in good health at the time he took out the certificates mentioned in evidence, and if you find that he was not then afflicted with cancer or other disease which caused or contributed to his death, and if you find that Aurilla B. Ervin was of unsound mind at the time she signed the release introduced in evidence, and if you find that she did not and could not understand the nature and effect of the transaction, and if you find that defendant's representative knew of such incapacity, if any, or that he had such information with respect thereto as would put an ordinarily prudent person to the belief of such incapacity, if any, and if you find that he induced her to sign said release while in such mental condition, if any, then your verdict will be for the plaintiff and against the defendant in the sum of $3,000.00, and you may also allow interest on said amount at the rate of six per cent per annum from June 19, 1934, to date."

Defendant's instructions will be noted later in this opinion.

The defendant asserts that the court erred in setting aside the verdict (1) because defendant's demurrer at the close of the whole case should have been sustained for various reasons; (2) because defendant's instructions were proper under the issues made by the pleadings and the theory upon which the case was tried and submitted.

In urging that its demurrer at the close of the whole case should have been sustained, the defendant contends (a) that there was not sufficient evidence to prove insanity or to prove knowledge or notice thereof on defendant's part. We have examined the evidence introduced at this trial and find that it is substantially the same, concerning insanity, and the knowledge of defendant's agent thereof, as was introduced at the former trial, and in that case this court held that there was sufficient evidence of insanity and of knowledge of plaintiff's agent to submit such issues to the jury. [Kelley v. United Mut. Ins. Assn., 112 S. W. (2d) 929, 932, 933.]

Defendant also contends that its demurrer should have been sustained because (b) the plaintiff did not tender a refund of the amount of the settlement before undertaking to escape the effect thereof on the ground of insanity and knowledge or notice of insanity by defendant's agent. This contention was directly passed on adversely to the defendant by this court in the Kelley case, *supra,* with the authorities cited therein to sustain the ruling of the court. We see no reason to depart from the ruling of this court on these matters as decided when this case was first here on appeal. We therefore hold that the trial court properly overruled defendant's demurrer at the close of the case.

We have carefully read the cases cited by the defendant to support its contention that a refund or a tender of refund should have been made, but we do not believe those cases apply to the situation here, because there is found in those cases this qualification before requiring a tender, that the settlement must have been made "without notice of the infirmity," meaning insanity; while in this case, it was held in the former opinion, and we now hold, that there was sufficient evidence to submit to the jury the question of defendant's knowledge of beneficiary's insanity at the time the settlement was made, and there-. fore the settlement was not made "without notice of the infirmity," and a tender was not necessary. The principal cases relied on by the defendant to support its contention are: Dahler v. Meistrell, 224 Mo. App. 815, 24 S. W. (2d) 239; McKenzie v. Donnell, 151 Mo. 431, and its companion case found at page 461; Doty v. Mumma, 305 Mo. 188, 264 S. W. 656.

Was the trial court justified in sustaining plaintiff's motion for new trial "because of error in defendant's instructions?"

Plaintiff first complains of defendant's Instruction "D," which is as follows:

"The court instructs the jury that there was sufficient consideration for the contract of settlement, signed by Aurilla B. Ervin, and

that there is no issue before the jury as to the consideration of such settlement." It is contended this instruction is in conflict with and diametrically opposed to defendant's Instruction "J," which covers the whole case and directs a verdict for the defendant. Instruction "J" is as follows:

"The court instructs the jury that it is admitted in this case that Buford Ervin made application to the defendant company for four policies of insurance, each in the sum of $1,000.00 on the 4th day of June, 1931, and that he died of cancer on the 19th day of June, 1934, and if you find and believe from the evidence that a dispute arose between the defendant company and the plaintiff as to whether or not Buford Ervin was suffering from a growth upon his left foot which later developed into a cancer at the time he made said application for said insurance and that the defendant company contended that he was suffering from an affliction on his left foot at the time said policies were taken out and that the beneficiary named in said policies contended that he was not suffering with a growth upon his left foot until after he took out said policies, and if you further believe that the defendant had information which led it to honestly believe that Buford Ervin was in fact afflicted with a cancer at the time said policies were taken out, then the law favors compromise and settlement of such dispute, and if you find that said dispute was compromised and settled by plaintiff accepting a less sum than the face amount of the policies and the defendant paying more than it claimed was due under the policies then said settlement became final and binding upon both parties, unless you find that at the time of the making of said settlement Aurilla B. Ervin did not know that she was making a settlement and did not know that she was signing a release and did not know that she was receiving $1,000.00 in settlement of said claim and that the agent of the defendant company knew or had notice of circumstances showing that she was insane and did not know what she was doing or the business in which he was engaged while making said settlement, but on the other hand the court instructs you that if you find that after she received said money she retained it knowing the source and the manner in which it was obtained and she spent said money and did not return it to the defendant, then your verdict in this case must be for the defendant notwithstanding you may find that she did not fully understand and realize what she was doing at the time of such settlement."

The giving of Instructions "D" and "J" present the anomalous situation of Instruction "D" telling the jury that as a matter of law there "was sufficient consideration for the contract of settlement," and that such issue was not before the jury, while Instruction "J" does just the contrary and submits to the jury that very issue. To say that these instructions are inconsistent is putting it mildly. We hold that they are not only inconsistent, but were confusing to the

jury, and the trial court was justified in sustaining plaintiff's motion for new trial because thereof.

Furthermore, Instruction "J" in effect required the plaintiff to have actually returned the money received in the settlement to the defendant. Such requirement is too broad and if this case should again be tried, that requirement should be modified to the extent that the plaintiff should have returned, *or offered to return*, the money to the defendant, after recovering, if she did, and fully realizing the source and manner by which it came to her possession.

The plaintiff also complains of defendant's Instruction "G," which is as follows:

"The Court instructs the jury that there is no evidence of misrepresentations, nor duress, upon the part of the defendant or its representative, and such issues are not before the jury for consideration."

Plaintiff contends that the charge of "duress" was stricken from the petition before the beginning of this trial, and therefore was not an issue in the case. The record is unsatisfactory concerning such an amendment, but if it be true that the charge of "duress" was stricken from plaintiff's petition and reply, then if this case is again tried, no mention of "duress" should be included in any of the instructions. We cannot now anticipate whether there will be any evidence of misrepresentations at another trial, and cannot now determine whether such issue should be withdrawn from the jury's consideration.

Plaintiff also complains of defendant's Instruction "F," which is as follows:

"The Court instructs the jury that the law presumes that every person is sane and understands the business or transactions in which he takes part until the contrary is proved, and the Court further instructs you that before you would be warranted in finding the issues for the plaintiff on the question of mental capacity, the plaintiff must sustain the burden of proving by the greater weight of the evidence and to your reasonable satisfaction that at the time of the signing of settlement papers Aurilla B. Ervin did not know or understand that she was accepting $1,000.00 instead of the $4,000.00 provided by said policies."

In view of the fact that the evidence was conflicting as to the sanity of Aurilla B. Ervin, we do not believe this instruction should have included the presumption that every person is sane. It is well settled in this State that where the evidence is conflicting with respect to presumptions of fact as they relate to questions to be submitted to the jury for their determination, it is improper to include the presumption in an instruction. This principle is fully discussed by the Supreme Court and the authorities supporting the same are collected in the case of Bailey v. Bailey, 11 S. W. (2d) 1026. We hold that

Instruction "F" should not have included the matter concerning the presumption of sanity; but under the pleadings and evidence in this case, the balance of the instruction concerning the burden of proof, we think, is correct.

The plaintiff also complains of error committed by the court in the exclusion of certain testimony of witness Biggs. The trial court did not assign that as one of the reasons for sustaining the motion for new trial, but it is being urged by the plaintiff as error and as justifying the court in the granting of a new trial, and we will consider it. Biggs was a neighbor and had been called to the home of Mrs. Ervin to witness her signature to the release. He was permitted to testify concerning what Mrs. Ervin said to him and what she was doing. He testified that the only conversation he had with her was when he went in and was told that he was wanted as a witness to her signature; that he asked Mrs. Ervin if it would be all right for him to sign as a witness, and she replied that "she didn't know, but that she guessed so." He also testified that she was "crying and acting nervous." This was all he testified to concerning her appearance, actions and conversation. He was then asked from what he saw and heard whether "he formed the impression that she did not understand what the nature of the transaction was." The court sustained an objection to that question, and, we think, properly. The witness had not testified to sufficient facts to warrant him, as a layman, in expressing an opinion as to whether she understood what was being done. The plaintiff asserts that such evidence was competent on the question of whether the defendant's agent had notice of her condition. However, it must be kept in mind that the trial court admitted in evidence all of the conversation the witness had with Mrs. Ervin, and what he saw about her actions, which took place in the presence of defendant's agent, such testimony was competent and was admitted, but we do not think it was proper for the witness then to give his "impression," from what he saw and heard, for the purpose of imputing the same or a similar "impression" to defendant's agent. We hold that the court did not commit error in this particular. [Masonic Home of Missouri v. Windsor, 338 Mo. 882, 92 S. W. (2d) 716.]

Plaintiff also urges that the court gave an oral instruction during the closing argument of plaintiff's counsel concerning the meaning of the word "distracted." We have examined the colloquy between plaintiff's and defendant's counsel and the court, and conclude that such will not again occur in another trial.

For the above reasons, we conclude that the court properly sustained plaintiff's motion for new trial. Therefore, the judgment of the court therein is sustained. All concur.